REYNOLDS v. REYNOLDS.  (No. 7387.)

(Supreme Court, Appellate Division, First Department.  June 4, 1915.)

DIVORCE ⬤⟼217—ALIMONY—DUPLICATE PAYMENTS.

An interlocutory judgment in a divorce action as to the payment of alimony will be modified nunc pro tunc, by providing that payments thereunder should be credited to defendant on account of a separation agreement, which obligated him to make certain payments, to protect him from any liability for duplicate payments under the alimony judgment and such separation agreement.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 637, 638; Dec. Dig. ⬤⟼217.]

Dowling, J., dissenting.

Appeal from Special Term, New York County.

Suit for divorce by Mary A. Reynolds against John J. Reynolds. From an interlocutory judgment granted after trial, defendant appeals.  Judgment modified, as requested by defendant.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

William Lesser, of New York City, for appellant.

Robert Kelly Prentice, of New York City, for respondent.

PER CURIAM.  On the argument appellant's counsel stated that the sole object of the appeal was to protect his client against liability for duplicate payments, one of alimony as fixed in the judgment appealed from, and the other for payments under the separation agreement, and that he would be satisfied with such a modification of the judgment as would save appellant from any such apprehended liabil-

ity.  The protection thus sought can be secured by modifying the second conclusion of law contained in the judgment, nunc pro tunc as of the date of its entry, by adding thereto the words:  All payments so made to her to be credited as payments by the defendant on account of the separation agreement heretofore entered into between the plaintiff and defendant and dated October 26, 1911.

The judgment should be modified accordingly, without costs.

DOWLING, J.  I dissent, upon the ground that the court was without power to award alimony while there was a valid outstanding separation agreement between the parties, which included a provision for the wife's support.